# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:23-cv-00159

| | |
|---|---|
| STRATIA INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| LIQUID GOLD HAIR, LLC AND | ) |
| LIQUID GOLD HAIR PRODUCTS, INC., | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on Defendants Liquid Gold Hair, LLC and Liquid Gold Hair Products, Inc.'s Motion to Dismiss. (Doc. No. 33.) For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED IN PART**.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 21, 2022, Plaintiff Stratia Inc. filed suit in the Central District of California against Defendants, both companies formed and based in the state of North Carolina, related to Defendants' assertion that Plaintiff's "LIQUID GOLD" skincare product infringed upon Defendants' "LIQUID GOLD" trademark used for hair and skincare products. (Doc. No. 1.)

On October 28, 2022, Plaintiff filed an affidavit of service in which a process server attested that the day prior, she, a person over twenty-one years old and not a party to the action, successfully served Defendants' owner, LaNiece Okwara, with the Complaint and summons in Charlotte, North Carolina. (Doc. Nos. 15 at 1; 34-8 at 2.) The attached summonses were addressed to "Liquid Gold Hair, LLC" and "Liquid Gold Hair Products, Inc.," but did not name Okwara. (Doc. No. 34-8 at 3, 5.) The affidavit detailed four initial, unsuccessful attempts, including an attempt to serve

1

Okwara at two office spaces and a separate residence. (*Id.* at 2.) The final attempt, described as successful, noted that the process server served Okwara at the residence at 8:29 p.m., and that although Okwara would not open the door, she confirmed her identity. (*Id.*) The affidavit further provided that the process server informed Okwara of the contents of the documents, and that she told Okwara she would leave the documents on a chair right outside the door for Okwara to retrieve once she left. (*Id.*) After the process server left the property, Okwara opened the door and retrieved the documents related to the instant suit. (Doc. No. 34 at 7.)

On December 15, 2022, Defendants filed a motion to dismiss, claiming lack of personal jurisdiction, improper venue, improper process, and improper service of process pursuant to Federal Rules of Civil Procedure 12(b)(2)–(5). (Doc. No. 19.) Defendants' personal jurisdiction argument included that it was not subject to the court's general jurisdiction and did not have sufficient minimum contacts with the state of California. (*Id.* at 9–15.) Defendants further contended that venue was improper because Defendants are not domiciled in California and cannot be found there, and the relevant trademarks are solely registered in North Carolina. (*Id.* at 17.) Defendants argued that if the court would not dismiss the action, it should transfer it to an appropriate jurisdiction. (*Id.*) Further, Defendants challenged Stratia's service of process, stating that the filed Affidavit of Service was "insufficient to show Plaintiff's compliance with [Federal Rule of Civil Procedure] 4(h), California Code of Civil Procedure, or North Carolina Rules of Civil Procedure" in that it "failed to establish that a non-party over the age of 21 had 'delivered' a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process on either Defendant." (*Id.* at 18.) Defendants denied that Okwara's identity was verified by the process server prior to the attempted service and argued that service was insufficient as the documents were not handed to

Okwara and thus cannot be said to have been personally delivered to her. (*Id.* at 20–21.) Defendants further contended that Plaintiff failed to effectuate service under North Carolina law by, among other things, failing to engage the Mecklenburg County sheriff to serve Okwara. (*Id.* at 21–24.) With respect to the Federal Rule for service of process, Defendants contended that Plaintiff's summonses were defective in that they failed to designate an individual to be served on either Defendant's behalf. (*Id.* at 26–27.)

On February 24, 2023, Plaintiff opposed Defendants' motion. (Doc. No. 24.) As to Defendants' personal jurisdiction and venue arguments, Plaintiff agreed to the case's transfer to this Court. (*Id.* at 1–2.) As to the process and service of process arguments, Plaintiff asked the court to deny Defendants' motion, contending that they were properly served under the California and federal rules. (*Id.* at 4–7.) The court granted Defendants' motion with respect to the venue transfer issue and denied the remainder of the motion without prejudice to refiling in the transferee court. (Doc. No. 26). The case was transferred to this Court on March 14, 2023. (Doc. No. 27).

On March 28, 2023, Defendants filed a renewed Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), making the same process-related arguments as in its motion filed in the Central District of California. (Doc. No. 34.) As alternative relief, Defendants requested that the Court quash Plaintiff's service of process and require Plaintiff to re-serve Defendants. (*Id.* at 18–19.)

On April 10, 2023, Plaintiff re-issued summonses to both Defendants, care of Defendants' owner, LaNiece Okwara. (Doc. Nos. 40–41.) On the same day it filed its updated summonses and proofs of service, Plaintiff opposed Defendants' Motion to Dismiss, contending that "in a good faith effort to resolve any issues with service of process," Plaintiff reissued the summonses, re-served both Defendants, and filed new affidavits of service. (Doc. No. 42 at 1, 3.) Plaintiff argues

3

Case 3:23-cv-00159-GCM   Document 45   Filed 07/05/23   Page 3 of 10

that Okwara was served appropriately under Federal Rule of Civil Procedure 4 and the California rules for service in the first instance, and that although Defendants unquestionably have received actual notice of the suit, they continue to file 12(b) motions to delay the suit's process based on alleged technical defects. (*Id.* at 2.) Plaintiff contends that although it has been more than ninety days since the suit was initially filed, Federal Rule 4(m) provides that the Court "must" extend the time to serve a defendant if good cause is shown, and such good cause is shown here. (*Id.* at 3–4.) Further, Plaintiff states that Defendants will suffer no prejudice as a result of allowing Plaintiff to re-serve the suit as no deadlines have been impacted, and allowing re-service permits the parties to reach the merits of the case in a more expeditious manner. (*Id.* at 4.)

On April 26, 2023, Defendants answered Plaintiff's Complaint and asserted a Counterclaim. (Doc. No. 43.) On May 17, 2023, Plaintiff filed an Answer to Defendants' Counterclaim. (Doc. No. 44.)

## II. DISCUSSION

The Federal Rules of Civil Procedure allow for defendants to assert certain defenses by motion, including insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4)–(5). Courts may not exercise personal jurisdiction over a defendant where the procedural requirements of service or the summons are not satisfied. *Omni Cap. Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). A "plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003); *see also Cunningham v. Wells Fargo N.A.*, No. 3:19-cv-00528, 2020 WL 5300843, at *2 (W.D.N.C. Sept. 4, 2020) (discussing this concept in the context of Rules 12(b)(4) and 12(b)(5)). Though the "plain requirements for the means of effecting service of process may not be ignored," actual notice of

the litigation entitles courts to liberally construe the rules regarding service of process and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Here, Defendants argue that both service of process and the process itself were insufficient. The Court addresses each argument in turn.

### A. Insufficient Service of Process under Rule 12(b)(5)

Defendants first contend that the Complaint must be dismissed because Plaintiff did not properly effectuate service on Defendants under Rule 12(b)(5)—specifically, that the original affidavit of service filed by Plaintiff is insufficient to comply with Federal Rule of Civil Procedure 4(h) or the North Carolina or California Rules of Civil Procedure. (Doc. No. 34 at 8–9.) Defendants argue that the initial process server's affidavit of service contains falsities in that, while the process server affirmed that Okwara verified her identity, at no point did Okwara confirm her identity and only asked why the process server was looking for her. (*Id.* at 11; Doc. No. 34-8 at 2.)

Under Federal Rule of Civil Procedure 4(h), the rule governing service of process on corporate defendants, a corporation must be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made, or "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1); 4(h)(1). As this action was originally brought in a district court located in California and service was effected in North Carolina, the Court has considered the respective state rules of civil procedure, *see* CCP §§ 415.20, 416.10; N.C.G.S. § 1A-1, Rule 4(a), as well as Federal Rule of Civil Procedure 4(h)(1).

As an initial matter, the Court considers the original process server's affidavit of service to serve as prima facie evidence of valid service. *See Arnold v. Phoenix Spirit Grp., LLC*, No. 7:18-cv-50, 2020 WL 1698775, at *4 (E.D.N.C. Apr. 7, 2020). While the presumption of valid service is rebuttable, Defendants do not provide substantial evidence to demonstrate Okwara was not served. *See Moore v. Cox*, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004) (citation and internal quotations omitted) (determining that to rebut the presumption of valid service, "a defendant must provide affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant"); *Arnold*, 2020 WL 1698775 at *5 (finding proper service where "Defendants [did] not offer any evidence other than [a defendant's] conclusory affidavit" that he was never served).

Still, the Court acknowledges that facts provided in the affidavit indicate improper service under the applicable state laws. The California rules provide another method of service in lieu of Section 416.10 personal delivery by way of leaving a copy of the summons and complaint at an authorized recipient's usual mailing address "with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." CCP § 415.20(a). Here, Plaintiff does not contend it sent, and Defendants do not acknowledge having received, a copy of the summons and complaint by first-class mail as is required by Section 415.20. Further, Plaintiff failed to adequately effect service of process on Defendants under the North Carolina rules. North Carolina Rule of Civil Procedure 4(a) provides in pertinent part that a corporation may be served by retaining "the sheriff of the county where service is to be made or some other person duly authorized by law to serve summons" and having them deliver a copy of the summons and complaint to an officer, director, or managing agent of the corporation. N.C.G.S.

§ 1A-1, Rules 4(a), 4(j)(6). North Carolina courts have clarified that the "[l]egal ability to serve process by private process server is limited by statute in North Carolina to scenarios where the sheriff is unable to fulfill the duties of a process server." *Locklear v. Cummings*, 822 S.E.2d 587, 593 (N.C. App. 2018) (affirming trial court's dismissal of complaint where record did not disclose that county sheriff was unable to deliver service rendering services of private process server necessary, even when process server filed affidavit of service). Here, the Court determines that the process server's averment that she was "authorized by law to make service of the documents" is insufficient without a showing that the Mecklenburg County Sheriff's Department was unable to effect service on Defendants, making it necessary for Plaintiff to seek appointment of some other person from the clerk of the issuing court as is permitted under N.C.G.S. § 1A-1, Rule 4(h). *See id.* at 597 (citation omitted) ("Although Plaintiff's process server filed the statutorily required affidavit, a self-serving affidavit alone does not confer 'duly authorized by law' status on the affiant. Legal ability to serve process by private process server is limited by statute in North Carolina to scenarios where the sheriff is unable to fulfill the duties of a process server.").

Even so, the Court determines that service was effective under Federal Rule of Civil Procedure 4(h)(1). Rule 4 "has not been interpreted as requiring a face-to-face meeting with the person upon whom service is to be effected, or delivery 'in hand.'" *Currie v. Wood*, 112 F.R.D. 408, 409 (E.D.N.C. 1986). In cases where a defendant refuses to open her door to accept court documents, courts have found that leaving the documents on the defendant's doorstep substantially complies with Rule 4. *See, e.g.*, *Action Adjustment Serv., Inc. v. Heenan*, No. 20-cv-2032, 2021 WL 3015412, at *8 (E.D. Pa. June 2, 2021) (internal citations and quotations omitted) ("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person. . . . I conclude that [plaintiff's] process server

substantially complied with [the Federal Rules] in placing the summons and complaint upon [defendant's] doorstep after she refused to open her door to accept them in hand . . . ."). Further, although actual notice of proceedings alone cannot cure insufficient service of process, *Scott v. Crowder*, No. 5:22-cv-00099, 2023 WL 3736116, at *2 (W.D.N.C. May 30, 2023), courts considering whether service was sufficient have considered a plaintiff's diligent attempts at service and a defendant's clear, actual notice of a suit in declining to dismiss an action under Rule 12(b)(5). *See, e.g.*, *Murphy v. Cleveland Cnty.*, No. 1:21-cv-5, 2021 WL 3824684, at *5 (W.D.N.C. Aug. 26, 2021). Here, Okwara confirms that she was the person who answered the door to her home to the initial process server, that she refused to open the door given the hour service was made, that she was told the documents would be left on the front porch, and that after the process server left, Okwara retrieved the documents and learned of the instant suit. (Doc. No. 34 at 7–8.) Further, the process server avers that she informed Okwara of the contents of the documents before leaving the property. (Doc. No. 34-8 at 2.) The initial process server at least substantially complied with Rule 4 in effecting service, and Defendants were clearly put on actual notice of this suit as a result. As such, Defendants' Rule 12(b)(5) argument fails.

### B. Insufficient Process under Rule 12(b)(4)

Second, Defendants argue that Plaintiff's summonses were defective on their face because they were issued to Defendants without identifying an officer, director, or managing or authorized agent, which warrants dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(4). (Doc. No. 34 at 17.) Defendants point to the summonses issued to Liquid Gold Hair, LLC and Liquid Gold Hair Products, Inc., respectively, noting that neither designate an individual to be served on either Defendant's behalf. (*Id.* at 18.)

In response, Plaintiff argues that Defendants' Motion should be denied as moot because Plaintiff has re-served Defendants and filed new affidavits of service. (Doc No. 42 at 3.) Specifically, the new summonses were issued "c/o LaNiece N. Okwara, Managing Member," and service of the new summonses was compliant with Federal Rule of Civil Procedure 4(h)(1)(B). (*Id.*) Finally, Plaintiff contends that although it has been more than ninety days since the Complaint was filed, Rule 4(m) provides that the Court "must" extend the time to serve a defendant because Plaintiff shows good cause for an extension and Defendants suffer no prejudice by allowing Plaintiff to re-serve the suit. (*Id.* at 3–4.)

A summons must "be directed to the defendant," Fed. R. Civ. P. 4(a)(1)(B), and where an officer, director, or managing or authorized agent is not identified in the summons, it "is defective on its face." *Gittens v. Equifax*, No. 3:16-cv-00228, 2019 WL 5790655, at *2 (W.D.N.C. Nov. 5, 2019) (citation omitted). Courts may permit a defective summons to be amended. Fed. R. Civ. P. 4(a)(2), 4(l)(3). Courts also may quash service of process in lieu of dismissal to give the plaintiff opportunity to re-serve the defendant effectively. *Mixon v. Tyrrell Cnty. Pub. Sch.*, No. 2:07-cv-31, 2008 WL 11429571, at *1 (E.D.N.C. Dec. 23, 2008), *aff'd*, 332 F. App'x 824 (4th Cir. 2009) (citation omitted). Further, the Federal Rules provide that if a defendant is not properly served within ninety days of the filing of the complaint, but the plaintiff shows good cause for the failure, a court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). A plaintiff may not, however, belatedly amend summonses and reissue them following the filing of a defendant's motion to dismiss without first seeking leave of court. *See Blakeney v. Goulston Techs.*, No. 3:19-cv-00688, 2020 WL 5821979, at *2 (W.D.N.C. Sept. 30, 2020).

Here, Plaintiff's initial summonses were defective in that they failed to name Okwara as an individual to be served on Defendants' behalf. As the Complaint was filed in October 2022,

Plaintiff was not properly served within ninety days of filing. Plaintiff's errors, however, do not warrant dismissal. Plaintiff has shown good cause for an extension of time to properly serve Defendants as Plaintiff made reasonable efforts to serve Defendants and Defendants will not be prejudiced by allowing re-service. *See Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 306 (4th Cir. 2016) (citations omitted) (listing factors courts consider in determining what constitutes "good cause"). Plaintiff, however, improperly attempted re-service without seeking leave of Court to amend the initial summonses. The Court agrees that Plaintiff's amended summonses and method of re-service are acceptable under the Federal Rules, but having failed to request leave, Plaintiff must re-serve Defendants to sufficiently perfect service. Failure to timely perfect service on Defendants will result in dismissal of this action without prejudice.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' renewed Motion to Dismiss (Doc. No. 33) is **GRANTED IN PART** and Plaintiff's service of process on both Defendants (Doc. No. 15) is hereby **QUASHED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have an additional thirty (30) days from entry of this Order to perfect service upon Defendants and file proof of the same. Should plaintiff fail to perfect service within that time, this action will be dismissed without prejudice, and the clerk is **DIRECTED** to close this case without further order from the Court.

Signed: July 5, 2023

Graham C. Mullen
United States District Judge

10
Case 3:23-cv-00159-GCM   Document 45   Filed 07/05/23   Page 10 of 10